**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**KEVIN R. MOON**                                                                                          **PETITIONER**
Reg #12758-003

VS.                              **CASE NO.: 2:15CV00034 KGB/BD**

**C. V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, the parties may jeopardize any right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**   **Introduction**

Petitioner Kevin Moon is currently serving a 60-month prison sentence at the Federal Correctional Complex, Forrest City, Arkansas. In his petition, Mr. Moon requests that the Bureau of Prisons ("BOP") apply five months' and fourteen days' custody credit toward his federal sentence. (Docket entry #1) Respondent, Warden C.V. Rivera, filed a

response to the petition showing that the BOP has now recalculated Mr. Moon's sentence, applying all of the custody credit Mr. Moon requests. (#4-1, p. 35) Accordingly, the issue raised in the habeas petition is moot.

### III. Background

On July 21, 2012, Alabama authorities arrested Mr. Moon for narcotics and firearm offenses. Federal authorities then brought charges for use of a firearm in furtherance of a drug trafficking crime. (#4-1, ¶5)

On September 19, 2012, the United States Marshal Service ("USMS") obtained custody of Mr. Moon through a writ of habeas corpus *ad prosequendum*. (#4-1, ¶6) On December 19, 2012, the United States District Court for the Southern District of Alabama sentenced Mr. Moon to 60-months' imprisonment in the BOP. (#4-1, pp. 11-15) The USMS returned Mr. Moon to Alabama state authorities where, on January 21, 2013, he received a 5-year state sentence for marijuana possession. (#4-1, pp. 18, 20) Mr. Moon served time in Alabama's Kilby Correctional Facility before his release to federal authorities on July 15, 2013. (#1, p. 3; #4-1, pp. 18, 23)

Prior to the filing of this petition, the BOP had credited Mr. Moon with time spent in custody from his arrest on July 21, 2012, to the date of his state sentence on January 21, 2013. (#4-1, p. 31) Mr. Moon filed the pending petition to request additional federal credit from January 22, 2013 to July 14, 2013. (#1, p. 3) The BOP has now recalculated Mr. Moon's sentence and has given him custody credit for all of his prior custody, from

his arrest on July 21, 2012, to his transfer to federal custody on July 14, 2013. (#4-1, p. 35) The BOP commenced Mr. Moon's sentence on July 15, 2013. (#4-1, p. 35)

## IV. Discussion

The Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Ali v. Cangemi,* 419 F.3d 722, 723 (8th Cir. 2005)(citing references omitted). If there is a change in circumstances, and a controversy no longer exists, the case is considered moot. *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998). An exception exists when there is a reasonable expectation or a demonstrated probability that the same controversy will recur. *Singleton v. Norris*, 319 F.3d 1018, 1022 (8th Cir. 2003) (citing *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181 (1982). But that is not the situation here.

The BOP's decision to grant all of the custody credit Mr. Moon requests moots this case. He is still in custody, but there is no expectation that the BOP would determine, after dismissal of this petition, that Mr. Moon is not actually entitled to the custody credit. Doing so would raise serious questions regarding the representations made to this Court. If such an unlikely scenario occurred, Mr. Moon could file another habeas petition or ask to reopen this case so that the Court could award the credit the BOP has determined Mr. Moon is entitled to.

## V. Conclusion

BOP officials have recalculated Mr. Moon's sentence and have awarded him all the custody credit he seeks in his habeas petition. Accordingly, the only issue in this case is now moot. Thus, the Court recommends DISMISSAL of the petition, without prejudice.

DATED this 1st day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE